Filed 8/18/23  P. v. Gutierrez CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RENE GUTIERREZ,<br><br>    Defendant and Appellant. | A165662<br><br>(Contra Costa County<br>Super. Ct. No. 051705821) |

Defendant appeals after he was resentenced by the trial court following the partial grant by the United States District Court for the Northern District of California of his pro se petition for a writ of habeas corpus. Defendant's appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), requesting this court to independently review the record on appeal to determine whether it contains any arguable issues. Defendant filed a supplemental brief.  As discussed *post*, because defendant is appealing after resentencing, we apply the procedures in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).

**BACKGROUND**

Defendant was convicted after a jury trial of 10 counts of committing a lewd act upon three children (Pen. Code, § 288, subd. (a))[1] and one count of

---

[1] All statutory references are to the Penal Code.

1

first degree burglary (§ 459). The trial court sentenced him to four consecutive terms of 25 years to life on counts 1, 3, 4, and 5 (§ 667.61) and to a determinate term of 10 years on the remaining counts. We affirmed defendant's judgment on appeal. (*People v. Gutierrez* (Feb. 11, 2019, A153194) [nonpub. opn.].) The California Supreme Court denied defendant's petition for review.

On August 12, 2020, defendant filed a petition for a writ of habeas corpus under title 28 United States Code section 2254 in the United States District Court for the Northern District of California. The district court issued an order to show cause, and after briefing, it issued an order granting the petition as to the burglary count (count 2) and the burglary enhancement on count 1. The district court vacated defendant's burglary conviction (count 2) and the burglary enhancement on count 1 and remanded the case to the trial court for resentencing or retrial on the burglary count.

On remand, the People opted not to retry defendant for burglary. The trial court vacated the burglary conviction (count 2) and the burglary enhancement on count 1 and resentenced defendant to four consecutive terms of 25 years to life on counts 1, 3, 4, and 5 (§§ 288, subd. (a), 667.61) and to a determinate term of five years four months on counts 6–11 (§§ 288, subd. (c)(1), 1170.1), comprised of the middle term of two years on count 6 and one-third the middle term (eight months), consecutive, on counts 7–11. The trial court subsequently issued a third amended abstract of judgment, correcting the total custody credits per defendant's request.

Defendant's appellate counsel filed a brief pursuant to *Wende*, requesting this court to independently review the record on appeal to determine whether it contains any arguable issues. Defendant filed a supplemental brief.

# DISCUSSION

As our Supreme Court recently explained, *Wende* held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo, supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*) *Delgadillo* held that *Wende* independent review is not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo, supra*, 14 Cal.5th at pp. 222, 224–225.) It further held that if the defendant files a supplemental brief, the court must evaluate the arguments presented, but the court is not required to independently review the entire record to identify unraised issues. (*Id.* at p. 232.) Although the postconviction relief at issue here is different than that in *Delgadillo*, the same principles may apply because this is not defendant's first appeal as of right. However, we exercise our discretion to independently review the record.

Defendant's supplemental brief does not raise any issue cognizable on appeal from his resentencing after remand by the district court. He references issues relating to the now vacated burglary conviction as well as allegations of juror bias, ineffective assistance of counsel based on an allegedly inadequate pretrial investigation and failure to call certain witnesses, and insufficiency of the evidence as to two of the three victims. Defendant's supplemental brief also appears to complain generally about certain jury instructions that were given, and he includes with his brief

3

multiple pages of jury instructions and the reporter's transcript of the giving of some of the jury instructions.[2]  None of the issues defendant references in his supplemental brief relate to the matter currently before the court, which is his resentencing after remand from the district court.

We have independently reviewed the record on appeal.  Following the district court's order vacating defendant's burglary conviction and the burglary enhancement as to count 1 and remanding to the trial court for resentencing, the trial court resentenced defendant to four consecutive terms of 25 years to life on counts 1, 3, 4, and 5 (§§ 288, subd. (a), 667.61) and a determinate term of five years four months on counts 6–11 (§§ 288, subd. (c)(1), 1170.1), comprised of the middle term of two years on count 6 and one-third the middle term (eight months), consecutive, on counts 7–11.  The trial court's decisions were proper.  We find no reasonably arguable appellate issue, and we are satisfied that counsel has fully complied with his responsibilities.  (*Delgadillo, supra*, 14 Cal.5th at p. 233; *Wende, supra*, 25 Cal.3d at pp. 440–442.)

## DISPOSITION

The judgment is affirmed.

---

[2] Our decision in the direct appeal found substantial evidence supported defendant's convictions.  (*People v. Gutierrez, supra*, A153194.)  We also addressed in the direct appeal, among other issues, defendant's contentions regarding allegedly improper jury instructions, and we found no prejudicial error.  (*Ibid.*)

_____
Jackson, P. J.

WE CONCUR:


_____
Simons, J.


_____
Chou, J.